**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Daniel Cole, | ) | No. CV-05-1969-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Kone Elevators, Inc., et al., | ) | |
| Defendants. | ) | |

Plaintiff Daniel Cole was hired by defendant Kone, Inc. ("Kone") as an elevator mechanic's helper on June 16, 2004. Cole alleges that within one week of employment Kone employees began repeatedly harassing him by calling him names and making comments regarding homosexual activity. Less than three months later, plaintiff was fired, allegedly as a result of poor job performance. He then filed this action claiming that he was sexually harassed by a male co-worker, Chris Allard, whose conduct created a hostile work environment, in violation of 42 U.S.C. § 2000e-2(a); that he was terminated in retaliation for complaining about the harassment, in violation of 42 U.S.C. § 2000e-3(a); and that actions by Allard constituted battery under state law. The court now has before it defendants Kone and Allard's motion for summary judgment (doc. 20), plaintiff's response (doc. 26), and defendants' reply (doc. 31).

Although Cole refers to harassment by multiple, unnamed co-workers in his complaint, he discusses harassment by co-worker Chris Allard only in opposition to defendants' motion for summary judgment. Cole, who is heterosexual, alleges that on July 10, 2004, Chris Allard wrote on Cole's lunch box and measuring tape "I (heart) men" and "I'm Gay and it's Okay." Thereafter, on "at least five occasions," Allard referred to Cole as "homosexual Dan." Response to Defendants' SOF ¶ 13. On three different occasions, Allard asked Cole if he had ever engaged in sodomy. Cole complained to his supervisor Duane Browning that Allard was harassing him with homosexual taunting. Browning suggested that he "shrug it off" and did not warn Allard to stop. Id. ¶ 22.

**Count I**

Cole alleges in Count I of his complaint that Allard's conduct constituted sexual harassment in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). In Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 79, 118 S. Ct. 998, 1002 (1998), the Supreme Court held that same-sex harassment is actionable under Title VII. The Court provided three examples of evidentiary routes by which a plaintiff could show same-sex harassment: (1) a plaintiff can establish "explicit or implicit proposals of sexual activity" motivated by sexual desire; (2) a plaintiff can show that "the harasser is motivated by general hostility to the presence of women [or men] in the workplace"; or (3) a plaintiff can "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." Id. at 80-81, 118 S. Ct. at 1002. The Court emphasized, however, that Title VII "does not prohibit all verbal or physical harassment in the workplace." Id. at 80, 118 S. Ct. at 1002. Instead, the plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discriminat[ion]* . . . because of . . . sex.'" Id. at 81, 118 S. Ct. at 1002 (emphasis and alterations in original).

Cole contends that his claim fits within the first example of same-sex harassment recognized by the Supreme Court–harassment motivated by sexual desire. He characterizes Allard's comments as "homosexual flirtations." Response at 5. He submits his own declaration that he believed Allard was "expressing his desire to have homosexual relations"

1 with him, Cole Declaration ¶2, although in his previous deposition, when asked if he thought
2 Allard was propositioning him, Cole responded, "I think he was taunting me." Cole
3 Deposition at 80. In Oncale, the Supreme Court recognized that a presumption of sexual
4 motivation in same-sex harassment cases is available if there is credible evidence that the
5 harasser is homosexual. Oncale, 523 U.S. at 80, 118 S. Ct. at 1002. In the present case,
6 however, there is no evidence, aside from the conduct in question, that Allard, who is
7 married, is a homosexual.

8 Cole's inconsistent personal beliefs about Allard's motivation is insufficient to create
9 a genuine issue of material fact as to whether Allard's conduct was motivated by sexual
10 desire, and therefore constituted discrimination "because of sex." Nor has he developed any
11 other theory that would support an inference of discrimination based on his sex. In sum,
12 Cole has failed to show that Allard's conduct, though offensive and inappropriate in any
13 employment setting, constitutes discrimination because of sex.

14 Even if we assumed that the alleged discrimination was because of sex, the outcome
15 would nevertheless be the same because Cole has also failed to establish that the harassment
16 created a hostile work environment. A hostile work environment exists "[w]hen the
17 workplace is permeated with discriminatory intimidation, ridicule, and insult that is
18 sufficiently severe or pervasive to alter the conditions of the victim's employment." Harris
19 v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993) (quotation omitted). The
20 environment must be both objectively offensive to a reasonable person and subjectively
21 offensive to this particular plaintiff. Faragher v. City of Baca Raton, 524 U.S. 775, 787, 118
22 S. Ct. 2275, 2283; Harris, 510 U.S. at 21-22, 114 S. Ct. at 367; Brooks v. City of San Mateo,
23 229 F.3d 917, 923 (9th Cir. 2000). When determining whether an environment is sufficiently
24 hostile to a reasonable person, the court must consider all the circumstances, including the
25 "frequency of the discriminatory conduct; its severity; whether it is physically threatening
26 or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an
27 employee's work performance." Harris, 510 U.S. at 23, 114 S. Ct. at 371. A court must also
28 consider "the social context in which particular behavior occurs and is experienced by its

1 target." Oncale, 523 U.S. at 81, 118 S. Ct. at 1003. "[S]imple teasing, offhand comments,
2 and isolated incidents (unless extremely serious) will not amount to discriminatory changes
3 in the 'terms and conditions of employment.' " Faragher, 524 U.S. at 788, 118 S. Ct. at 2283
4 (citations omitted). "These standards for judging hostility are sufficiently demanding to
5 ensure that Title VII does not become a 'general civility' code." Id. (citing Oncale, 523 U.S.
6 at 80, 118 S. Ct. at 1002). In fact, the "conduct must be extreme." Id. at 788, 118 S. Ct. at
7 2284.

8 Cole alleges that during his three-month employment Allard called him names
9 approximately five times, questioned him about homosexual activity three times, and wrote
10 homosexual slurs on his personal property twice. He also claims he found an advertisement
11 for men's underwear in his lunch box. Cole admitted that rough language and lewd behavior
12 are often prevalent at construction sites. He further admitted that he continued to socialize
13 with his co-workers, including Allard, as recently as the last week of his employment. Based
14 on the foregoing, we conclude that the complained of conduct was not sufficiently severe or
15 pervasive to create a hostile work environment.

16 Because Cole has presented insufficient evidence from which a jury could conclude
17 that Cole was discriminated against because of his sex, and further because insufficient
18 evidence is presented to establish that the alleged conduct was so objectively offensive as to
19 alter the conditions of his work environment, we grant defendants' motion for summary
20 judgment on Count I.

### Count II

22 Cole also contends that he was terminated in retaliation for his complaints of sexual
23 harassment in violation of 42 U.S.C. § 2000e-3(a). To establish a prima facie case of
24 retaliation, Cole must show that 1) he engaged in a protected activity; 2) he suffered an
25 adverse employment decision; and 3) there was a causal link between the protected activity
26 and the adverse employment decision. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054,
27 1064 (9th Cir. 2002).

28

There is no dispute that Cole engaged in a protected activity by complaining about the alleged harassment and that his termination qualifies as an adverse employment action. Defendants contend, however, that the decision-making manager did not know about the protected activity and therefore there is no causal link between the protected activity and the adverse employment action.

To establish causation, a plaintiff must show that "engaging in the protected activity was one of the reasons for his firing and that but for such activity he would not have been fired." Id. at 1065 (alterations omitted). "An employer may be held liable under Title VII even if it had a legitimate reason for its employment decision, as long as an illegitimate reason was a motivating factor in the decision." Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1040 (9th Cir. 2005) (citing 42 U.S.C. § 2000e-2(m)). "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982).

Defendants contend that there is no causal link between Cole's alleged complaints of harassment and his termination because the manager responsible for Cole's termination, Ben Malmberg, had no knowledge of Cole's complaint prior to his termination, but instead terminated Cole because of poor job performance. Cole counters that he "repeatedly" complained to his supervisor, Duane Browning, regarding the harassment. Response at 6. He speculates that Browning must have relayed the harassment complaints to Keith Gronberg, the job foreman, who in turn must have conveyed the complaints to Malmberg, the supervisor who eventually terminated Cole.

Other than Cole's speculation, however, there is no evidence that Malmberg was aware of the harassment complaints. See Malmberg Deposition at 44, 57. "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." Nelson v. Pima Cmty. College, 83 F.3d 1075, 1081 (9th Cir. 1996), cf. Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1113-1115 (9th Cir. 2003) (summary judgment on causation inappropriate where plaintiff offered "substantial circumstantial evidence" that the decision maker had knowledge of plaintiff's protected activity). We conclude that Cole has failed to

demonstrate a causal connection between the protected activity and the adverse employment action; accordingly we grant defendants' motion for summary judgment on Count II.

**Count III**

In Count III, Cole asserts a state law battery claim against Allard, alleging that Allard poured metal shavings into his underwear. Under Arizona law, "[a]n actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the person of another." Duncan v. Scottsdale Med. Imaging, Ltd., 205 Ariz. 306, 309, 70 P.3d 435, 438 (2003). Allard moves for summary judgment, arguing that Cole's claim is based on mere "guesswork and imagination" and therefore is insufficient to support a claim for battery under Arizona law.[1]

In his deposition, Cole admitted that he did not see Allard take any action at all regarding the metal shavings, and further did not feel anything drop down his pants or notice anything in his pants until he later stood up and started walking around. Cole Deposition at 118-20. We conclude that Cole's assumptions as to the source of the metal shavings are insufficient to overcome defendants' motion for summary judgment. See Picow v. Baldwin, 77 Ariz. 395, 399, 272 P.2d 613, 615 (1954) (directed verdict on assault claim proper where plaintiff could not identify who hit him but only assumed it was the defendant).

**Conclusion**

Based on the foregoing, **IT IS ORDERED GRANTING** defendants motion for summary judgment (doc. 20).

DATED this 14th day of November, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Cole does not respond to this argument. This is a separate and independent reason to conclude that Cole's battery claim fails as a matter of law. See LRCiv 7.2(i); Fed. R. Civ. P. 56(e).

- 6 -